IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ONG LEE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. **3:20-CV-1389-L** |
| **NATIONSTAR MORTGAGE, LLC,** § | |
| **DBA MR. COOPER; and** § | |
| **NATIONSTAR MORTGAGE** § | |
| **HOLDINGS, INC.,**[1] § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Summary Judgment ("Motion") (Doc. 29), filed January 29, 2021. Defendants' Motion seeks to dismiss all employment law claims asserted by Ong Lee ("Plaintiff" or "Ms. Lee") in this action. Plaintiff did not file a response to Defendants' Motion. The time for doing so has passed, and Plaintiff did not request an extension of time or move for a continuance pursuant to Federal Rule of Civil Procedure 56(d). Accordingly, the court determines that Defendants' Motion is ripe, notwithstanding the lack of a response by Plaintiff. For the reasons herein explained, the court **grants** Defendants' Motion (Doc. 29), and **dismisses with prejudice** this action.

### I. Factual and Procedural Background

Plaintiff filed this action on September 12, 2019, asserting various employment claims arising from her employment as a Mortgage Fraud Investigator from approximately 2012 to 2018

---

[1] With the consent of Defendants, Plaintiff voluntarily dismissed her claims against Steve Safavi and Jennifer Lebleu when she filed her Second Amended Complaint (Doc. 14).

**Memorandum Opinion and Order– Page 1**

for Nationstar Mortgage, LLC d/b/a Mr. Cooper. In her Second Amended Complaint (Doc. 14), the live pleading, she asserts the claims against Nationstar Mortgage, LLC d/b/a Mr. Cooper and Nationstar Mortgage Holdings, Inc. ("Defendants" or "Nationstar") for race-based disparate impact discrimination, hostile work environment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Texas Labor Code (Claims 1-4 and 6-9). In addition, Plaintiff asserts claims for alleged sex pay discrimination under the Equal Pay Act (Claim 5) and a claim for unpaid wages under the Texas Pay Day Act (Claim 10). She seeks a declaration that Defendants violated Title VII, the Texas Labor Code, Equal Pay Act and Texas Pay Day Act; injunctive relief to enjoin Defendants from engaging in the alleged violations of these statutes; actual and punitive damages; prejudgment interest and postjudgment interest; and attorney's fees.

On January 29, 2021, Defendants moved for summary judgment on all of the claims asserted by Plaintiff. Defendants contend that Plaintiff has taken a "kitchen-sink approach with her claims against Defendants," but the undisputed evidence in this case, based primarily on her own deposition testimony, shows that her claims are without merit, and that there is no genuine dispute of material fact as to any of the claims asserted. Defs.' Mot. 1.

For the reasons that follow, the court agrees that summary judgment is appropriate as to each of the claims asserted by Ms. Lee.

## II. Defendants' Statement of Undisputed Facts and Evidence

In support of their Motion, Defendants submitted the following summary of facts and evidence, based on the deposition of Plaintiff and the declaration of Nationstar Vice President of Mortgage Fraud, Hassan ("Steve") Safavi ("Mr. Safavi"), which are undisputed as a result of Plaintiff's failure to respond to Defendants' Motion:

Nationstar provides mortgage lending and servicing services. Nationstar offers servicing, origination, and real estate services to financial institutions and consumers and is one of the largest mortgage servicers in the United States. Nationstar is also an equal opportunity employer committed to providing a workplace free from all forms of discrimination, harassment, and retaliation.

Lee began working for Nationstar on August 27, 2012 as a Credit Risk Underwriter. (Lee Dep. 26:17-26:24, App. 4). Lee remained in the Credit Risk Underwriter role until assuming a Mortgage Fraud Investigator role on February 9, 2016. (Lee Dep. 38:14-40:9, App. 5). As a Mortgage Fraud Investigator, Lee reported to Steve Safavi, Vice President of Mortgage Fraud, who also interviewed and hired her for the role. (Lee Dep. 46:21-46:23, App. 6; Safavi Decl. ¶ 3; App. 1). Upon hire and until her separation from Nationstar, Lee was the highest paid Mortgage Fraud Investigator on her team. (Safavi Decl. ¶ 4, App. 1).

In August 2018, Lee sent several emails to Nationstar's Human Resources team alleging unfair treatment by Mr. Safavi. (Lee Dep. Exhibit 7-9, App. 22-37). Lee's emails alleged that Mr. Safavi unnecessarily questioned her work productivity and quality of work, incorrectly blamed her for errors, and unfairly singled her out. (*Id*.). Nationstar's Human Resources team investigated Lee's allegations. However, before Nationstar's Human Resources team could conclude its investigation, Lee resigned from Nationstar on August 29, 2018 in order to take another position with Fannie Mae as a Mortgage Fraud Investigator. (Lee Dep. 114:25-115:2; 129:1-129:12, App. 14, 16). On June 13, 2019, Lee filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), in which she alleged Nationstar discriminated against her based on her race, national origin, and sex, and also retaliated against her. (Lee Dep. 136:1-136:10, Exhibit 15, App. 17, 38).

Defs.' Mot. 1-2.

## III. No Response Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary

judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search

**Memorandum Opinion and Order– Page 4**

of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Although Plaintiff did not file a response in opposition to Defendants' Motion, this failure does not permit a court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). When no response is filed, such failure does permit the court to accept as undisputed the evidence set forth in support of a movant's motion for summary judgment. *Id.* Accordingly, the court accepts Defendants' facts and evidence as undisputed.

## IV. Discussion

### A. Race-Based Disparate Impact Claims

Defendants contend that they are entitled to summary judgment on Plaintiff's race-based disparate-impact claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and Chapter 21 of the Texas Labor Code because she failed to exhaust her remedies with regard to these claims. Defendants argue that, while Plaintiff filed a Charge of Discrimination with the EEOC, it "does not identify an inadequate policy or practice, or allege disparate impact of a facially neutral policy," and, instead, merely "alleges that other employees and individuals were treated more favorably than Lee, which is a disparate treatment claim." Defs.' Mot. 3 (citing Lee Dep. 134:1-22, Ex. 15, App. 17, 45-49)). Defendants assert that, based on the information provided in the

**Memorandum Opinion and Order– Page 5**

Charge, "a disparate-impact investigation could not have reasonably been expected to grow out of the Charge because" it does not state that Plaintiff is "pursuing a disparate impact claim or even attempting to allege a prima facie case of discrimination under a disparate-impact theory." Defs.' Mot. 3-4.

Defendants contend that, even if exhausted, these claims similarly fail because Plaintiff cannot establish the first element of the prima facie case as necessary for a disparate impact claim—identification of a facially neutral personnel policy or practice. In this regard, Defendants assert:

> [W]hen asked to identify the policy or practice supporting her disparate impact claims, Lee could only articulate examples of alleged preferential treatment of other employees, which is a disparate treatment claim. (Lee Dep. 139:14-140:6, App. 18). Under Title VII, disparate treatment and disparate impact claims are distinct claims, with different proof requirements. *See Mongo v. Home Depot, Inc.*, No. 3:02-cv-2593, 2003 WL 22227864, *2 (N.D. Tex. Sept. 26, 2003) ("Mongo mistakenly bases his disparate impact claim on his allegations of race and national origin discrimination, which wrongly combines the mutually exclusive and often competing disparate impact theory and disparate treatment analysis under Title VII."). Accordingly, Lee's race-based disparate-impact claims fail as a matter of law.

Defs.' Mot. 5.

"To establish a prima facie case of discrimination under a disparate-impact theory, a plaintiff must show: (1) an identifiable, facially neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 275-76 (5th Cir. 2008) (citing *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988)).

As Defendants correctly note, Plaintiff, when deposed, was unable to identify a facially neutral personnel policy or practice that forms the basis of her disparate impact claim. She and her attorney, instead, appear to misunderstand the difference between disparate impact and

**Memorandum Opinion and Order– Page 6**

disparate treatment claims. For this reason, and because Plaintiff did not respond to Defendants' Motion, she has failed to come forward with evidence to raise a genuine dispute of material fact with respect to her race-based disparate impact claims under state and federal law,[2] and Defendants are entitled to judgment as a matter of law on these claims, which are **dismissed with prejudice**. Having determined that Plaintiff's disparate impact claim fails for this reason, the court need not address Defendants' alternative ground for summary judgment as to these claims.

      B.      **Texas Pay Day Act Claim**

Defendants contend that they are entitled to summary judgment on Plaintiff's claim for unpaid wages under the Texas Pay Day Act because this statute does not provide a private cause of action for plaintiffs, and Plaintiff admitted during her deposition that she did not file a wage claim with the Texas Work Commission ("TWC") that would permit judicial review of orders issued by the TWC. Defendants argue that this claim, therefore, fails as a matter of law. The court agrees that this statute does not provide plaintiffs with a private cause of action against employers for alleged violations of the statute, and Plaintiff has not sought judicial review of any TWC order in this action. *See Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F. Supp. 2d 635, 668-69 (S.D. Tex. 2013). Accordingly, there is no genuine dispute of material fact with respect to Plaintiff's Pay Day Act claim, and Defendants are entitled to judgment as a matter of law on this claim, which is **dismissed with prejudice**.

---

[2] As Defendants correctly note, discrimination claims under Title VII and Chapter 21 of the Texas Labor Code are analyzed under the same standard. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012).

### C. Hostile Work Environment Claims

Plaintiff's hostile work environment claims are based on her allegation that she was subjected to harassment by her supervisor, Mr. Safavi, through "verbal and written improper conduct, as well as physical harassment." Pl.'s Compl. ¶¶ 100-101. Defendants contend that they are entitled to summary judgment on this claim because the following conduct identified by Plaintiff during her deposition is not objectively severe or pervasive; there is no evidence Mr. Safavi made any racially offensive comments; and Plaintiff admitted that he did not engage in any racially offensive conduct: "(1) Mr. Safavi targeted her by putting her on one project for which she did not feel qualified; and (2) Mr. Safavi questioned her about taking bereavement leave three months after the death of a person." Defs.' Mot. 7 (citing Lee's Dep. 140:7-22; 142:3-14; App. 18, 19). In addition, Defendants contend that there is no evidence that the alleged harassment affected any term, condition, or privilege of her employment. For support, Defendants cite to Plaintiff's testimony that she did not receive any negative performance reviews; she was never counseled, or verbally warned; and there was no adverse change to her compensation as a result of the alleged special project assignments.

To succeed on a hostile work environment claim, Plaintiff must show that she: "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Hernandez*, 670 F.3d at 651 (citation omitted). "Harassment affects a 'term, condition, or privilege of employment' if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (citation omitted).

**Memorandum Opinion and Order– Page 8**

Defendant are correct that the conduct identified by Plaintiff is not sufficiently severe or pervasive to support a hostile work environment based on race, and there is no evidence that the alleged harassment affected a term, condition, or privilege of her employment. Accordingly, there is no genuine dispute of material fact with respect to Ms. Lee's hostile work environment claims based on race under state and federal law, and Defendants are entitled to judgment as a matter of law on these claims, which are **dismissed with prejudice**.

### D. Equal Pay Act Claim

The basis for Plaintiff's Equal Pay Act claim under 29 U.S.C. § 206 is that she was allegedly paid a lower wage than male employees performing substantially equal work. Pl.'s Compl. ¶¶ 126-133. Defendants assert that they are entitled to summary judgment on this claim because Ms. Lee cannot establish that she was paid less than an employee of the opposite sex in a position requiring equal skill, effort, and responsibility, as she admitted in her deposition that she was unaware what other employees were paid. Defs.' Mot. 9 (citing Lee Dep. 143:6-143:10; 145:18-145:23, App. 19-20). Defendants further assert that the evidence establishes that Ms. Lee was actually the highest paid Mortgage Fraud Investigator on her team during her entire time in this position. Defs.' Mot. 9 (citing Safavi Decl. ¶ 4, App. 1). Based on the foregoing, Defendants argue that Plaintiff cannot establish a prima facie case of discrimination under the Equal Pay Act because there is no evidence that she was paid less than an employee of the opposite sex in the same position.

To prevail on an Equal Pay Act claim, Ms. Lee must first establish a prima facie case, or raise a genuine dispute of material fact, by demonstrating that: "(1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under

similar working conditions; and (3) she was paid less than an employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993).

Because Plaintiff has not come forward with evidence to establish the second and third requirements for a prima facie case—that her employer compensates employees differently for equal work—she has failed to raise a genuine dispute of material fact with respect to her Equal Pay Act claim. Defendants are, therefore, entitled to judgment as a matter of law on this claim, which is **dismissed with prejudice**.

### E. Sex Discrimination Claims

Defendants move for summary judgment on Plaintiff's sex discrimination claims under Title VII and Chapter 21 of the Texas Labor Code on the ground that Plaintiff cannot establish a prima facie case of sex discrimination. Among other things, Defendants contend that there is no evidence that Plaintiff suffered any adverse employment action.

Because this claim by Plaintiff is not based on direct evidence of sex discrimination, the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies. Under *McDonnell Douglas*, a plaintiff has the initial burden of establishing a prima facie case of discrimination before the burden shifts to the defendant. *Id.* at 802. To establish a discrimination claim under Title VII based on sex, a plaintiff must show, or raise a genuine dispute of material fact, "(1) that she is a member of a protected class; (2) that she was qualified for the position sought; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside her class." *Newbury v. City of Windcrest, Tex.*, 991 F.3d 672, 679 (5th Cir. 2021) (quoting *Haire v. Board. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013)).

**Memorandum Opinion and Order– Page 10**

As Defendants note, there is no evidence that Plaintiff was subject to an adverse employment action. The court also agrees with Defendants that Plaintiff's "general claim that Mr. Safavi allegedly targeted her by assigning her two special projects does not amount to an adverse employment action" because there is no evidence that she suffered "any negative action as a result of her work on the special projects." Defs.' Mot. 10 (citing Lee Dep. 96:7-25, App. 9). Accordingly, there is no genuine dispute of material fact with respect to Plaintiff's sex discrimination claims under state and federal law, and Defendants are entitled to judgment as a matter of law on these claims, which are **dismissed with prejudice**. Having determined that Plaintiff's sex discrimination claims fail for this reason, the court need not address Defendants' other arguments regarding these claims.

### F.  Retaliation Claims

Defendant moves for summary judgment on Plaintiff's retaliation claims under state and federal law, which are based on her allegation that Defendants retaliated against her after she made formal and informal complaints to them and Defendants' employees about allegedly "unlawful, discriminatory employment practices based on race and sex." Pl.'s Compl. ¶ 120. Plaintiff contends that, as a result of her complaints,

> Defendants' agents and employees took materially adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings; noting unfounded negative remarks on Plaintiff's annual review; obsessively monitoring and scrutinizing Plaintiff's work; assigning Plaintiff work duties outside of Plaintiff's qualification and position, resultantly placing Plaintiff in jeopardy of losing employment; altering performance standards to prevent Plaintiff from excelling; withholding payment in violation of the Texas Payday Act; and instituting Plaintiff was incompetent at job despite performance.

*Id.* ¶ 121.

It is "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice" under Title VII, or "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a); *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001). Whether the employee opposes an unlawful practice or participates in a proceeding against the employer's activity, the employee must hold a reasonable belief that the conduct she opposed violated Title VII. *Long v. Eastfield Coll.*, 88 F.3d 300, 305 (5th Cir. 1996).

To establish a prima facie case of retaliation in this circuit, a plaintiff must show that: (1) she engaged in a protected activity; (2) she experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (footnote and citation omitted); *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001); *Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001). The establishment of a prima facie case gives rise to an inference of retaliation. *Montemayor*, 276 F.3d at 692. This inference, in turn, shifts the burden of production to the defendant, who must then articulate a legitimate, nondiscriminatory or nonretaliatory reason for the challenged employment action. *McCoy*, 492 F.3d at 557.

In *Burlington Northern & Santa Fe Ry. Co. v. White*, the Supreme Court held that, because the discrimination and retaliation provisions of Title VII have different statutory language and different purposes, "the antiretaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." 548 U.S. 53, 64 (2006). Consistent with this view, the Court held that a plaintiff claiming retaliation under Title

VII must show that a reasonable employee would have found the alleged retaliatory action "materially adverse" in that "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (quotation marks and citation omitted). In so ruling, the Court rejected Fifth Circuit authority, *id.* at 67, which defined adverse employment actions as "ultimate employment decisions" and limited actionable retaliatory conduct to acts "such as hiring, granting leave, discharging, promoting, and compensating." *Id.* at 61 (quoting *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997)). In evaluating whether actions are materially adverse, the Court went on to hold that "petty slights, minor annoyances, and simple lack of good manners will not" deter or dissuade a reasonable employee from making or supporting a charge of discrimination, and therefore they do not constitute conduct that is "materially adverse." *Id*. at 68.

The Texas Commission on Human Rights Act ("TCHRA") similarly protects employees from retaliation "who, under [the TCHRA]: (1) opposed a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." Tex. Lab. Code Ann. § 21.055 (West 2021); *see Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 585 (Tex. 2017). A claim for retaliation under Texas law requires a plaintiff to prove that "(1) she engaged in an activity protected by the TCHRA, (2) an adverse employment action occurred, and (3) there exists a causal link between the protected activity and the adverse action." *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015). Regarding the first element of a retaliation claim, the Texas Supreme Court in *San Antonio Water Sys. v. Nicholas* explained:

> Opposition to a discriminatory practice is a protected activity irrespective of the merits of the underlying discrimination claim. *City of Waco v. Lopez*, 259 S.W.3d 147, 151 (Tex. 2008). However, to establish an employee opposed a

**Memorandum Opinion and Order– Page 13**

> discriminatory practice, the employee must demonstrate a good-faith, reasonable belief that the underlying discriminatory practice violated the TCHRA. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) ("To satisfy this opposition requirement, [the claimant] need only show that she had a 'reasonable belief that the employer was engaged in unlawful employment practices.'")[] (quoting *Byers v. Dallas Morning News, Inc*., 209 F.3d 419, 428 (5th Cir. 2000))[]; *Cox & Smith Inc. v. Cook*, 974 S.W.2d 217, 224 (Tex. App.–San Antonio 1998, pet. denied) ("The employee is not required to show that there was actual existence of an unlawful practice, only that she held a good[-]faith reasonable belief that the employer engaged in activity made unlawful by Title VII or the TCHRA.").

461 S.W.3d at 137.

Defendants contend that Ms. Lee "does not make any reference, explicitly or implicitly, to any trait protected by Title VII or Chapter 21 of the Texas Labor Code"; that her correspondence with Nationstar's Human Resources team in August 2018 expresses her belief that she was treated unfairly, but the conduct she complains about is not unlawful under Title VII or Chapter 21 of the Texas Labor Code; and that, "by her own admission, [she] did not suffer any adverse employment action" because, when asked in her deposition how Nationstar retaliated against her, she "only offered that she was allegedly assigned special projects in 2018, but admitted that she did not receive any negative performance reviews, . . . was never counseled or verbally warned, and there was no adverse change to her compensation." Defs.' Mot. 13-14. Defendants further contend that "there is no evidence that [Ms.] Lee suffered any negative repercussions as a result of her reports to Nationstar's Human Resources team; therefore, she did not suffer an adverse employment action" as that term has been defined by the Fifth Circuit. *Id.* at 14 (citations omitted). Thus, Defendants assert that the undisputed evidence does not support the allegations in Plaintiff's Complaint and is insufficient to raise a genuine dispute of material fact regarding the requirements for retaliation under Title VII or Texas law based on Ms. Lee's race or sex because there is no evidence that she engaged in protected activity or suffered an adverse employment action.

The court agrees. Nothing in the record indicates that Ms. Lee engaged in protected activity relating to discrimination based on her race or sex; or that she suffered an adverse employment action, as she voluntarily resigned to take a position with Fannie Mae as opposed to Defendant taking any adverse action against her. Moreover, there is insufficient evidence to raise a genuine dispute of material fact that Ms. Lee held a good faith belief that the perceived unfair treatment of her by Defendants violated Title VII or the Texas Labor Code, or that any such belief was objectively reasonable in light of Defendants' undisputed evidence. Accordingly, her retaliation claims under state and federal law fail for the reasons stated by Defendants. Defendants are, therefore, entitled to judgment as a matter of law on these claims, which the court **dismisses with prejudice**.

## V. Conclusion

For the reasons explained, the court **concludes** that no genuine dispute of material fact exists regarding any of the claims asserted by Plaintiff against Defendants, and Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims. Accordingly, the court **grants** Defendants' Motion for Summary Judgment (Doc. 29), and **dismisses with prejudice** this action. As all claims asserted by Plaintiff have been dismissed, the court further concludes that her request for a declaratory judgment and injunctive relief on the same grounds is **moot.** In accordance with Federal Rule of Civil Procedure 58, judgment will issue by separate document.

**It is so ordered** this 29th day of April, 2021.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge